**UNITED STATES of America**

v.

**Todor Yordanov DRAGN, Appellant.**

No. 09–1648.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Dec. 3, 2009.

Filed Dec. 23, 2009.

Denise Hinds, Esq., Office of United States Attorney, Christiansted, VI, for United States of America.

Patricia Schrader–Cooke, Esq., Office of Federal Public Defender, Christiansted, VI, for Appellant.

BEFORE: McKEE, FUENTES, and NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

A federal grand jury indicted Appellant Todor Dragn (hereinafter, "Dragn") and his co-defendants Georgi Dimirov Koston, Vasil Ivanov Ivanov and Desislava Ivanova Kalaydzhieva with possession with intent to distribute cocaine on the high seas and aiding and abetting in violation of 46 U.S.C.App. § 1903(a) and 18 U.S.C. § 2. A jury convicted Dragn on all counts of the indictment while his co-defendants were

acquitted. Dragn next filed a motion for judgment of acquittal or in the alternative a new trial. The government opposed, and the District Court denied Dragn's motion. Dragn was subsequently sentenced to two hundred and ninety two months in prison, five years of supervised release, a thousand dollar fine and a special assessment of one hundred dollars. On appeal, he challenges both this conviction and his sentence.

■ Dragn has requested that the case be remanded for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because the District Court treated the Guidelines as mandatory rather than advisory. Dragn further argues that the case should be remanded because the District Court failed to properly consider all the 18 U.S.C. § 3553(a) factors. The Government does not oppose a remand for re-sentencing. We agree with Dragn that the District Court erred. At sentencing, Dragn asked the District Court for a downward variance from the Guidelines. The District Court commented that:

> the sentencing phase has been very prolonged because of my concern with what I considered to be a very stiff sentence. And my concern suggested that I prolong the sentence to ascertain whether or not there was any meaningful alternative to this harsh sentence. This is probably one of the harshest sentences that I'm faced with, but the fact of the matter is, that my hands seem to be

tied. The Congress of the United States has required this type of sentence in this type of offense. Needless to say, the sentence being as harsh as it is reflects the seriousness of the crime, and it certainly will provide a deterrence to others. And it certainly is a protection to the public as a result of the deterrence. I am constrained. I am required to accept the findings of the presentence reports, or the findings as is expressed in the presentence report. I am required and constrained to accept the· offense levels as articulated in the presentence report. I will give you and remand you to the custody of the Bureau of Prisons for the minimum time which the guidelines requires, that being 292 months. You will be placed on supervised release for five years. You will be required to pay a fine of a thousand dollars.

App., 749A–750A. In believing his 'hands to be tied,' the District Court clearly believed that the Sentencing Guidelines were mandatory, not advisory. *See United States v. Hawes*, 523 F.3d 245, 256 (3d Cir.2008) (Weis, J., concurring). The District Court's statements that it was "required" and "constrained" to hand down the sentence it did were erroneous in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We will vacate Dragn's sentence and remand for re-sentencing.[1]

---

1. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for "reasonableness." *See id.* at 261–62, 125 S.Ct. 738. Reasonableness review involves our inquiry into "whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Our review contains both a procedural and a substantive component. Review for procedural reasonableness focuses on whether the District Court committed any error in calculating or explaining the sentence. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Review for substantive reasonableness asks us to "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* Here however, since the District Court treated the Sentencing Guidelines as mandatory, it did not undertake a reasonableness analysis. We

■ Dragn also attacks his conviction, arguing that the Government failed to present sufficient evidence of intent. He specifically argues that the Government failed to prove that he knew there was cocaine hidden on his boat or that he intended to aid and abet his co-defendants. We find his arguments meritless.

When we review a claim that evidence was insufficient to support a conviction, we consider the evidence the light most favorable to the Government and may overturn the jury's verdict only where the record contains no evidence from which a rational jury could conclude beyond a reasonable doubt that the defendant committed the crimes charged. *United States v. Voigt,* 89 F.3d 1050, 1080 (3d Cir.1996); *see also United States v. Dent,* 149 F.3d 180, 187 (3d Cir.1998). In challenging the sufficiency of the evidence, Dragn bears a heavy burden. *See United States v. Casper,* 956 F.2d 416, 421 (3d Cir.1992).

There was ample evidence to convict Dragn. Our review of the record establishes that Dragn owned the vessel used in the cocaine transport. The cocaine itself was found on either end of Dragn's boat, in compartments traditionally used to store luggage. Upon boarding the vessel, United States Coast Guard personnel noticed that the personal effects of the boat's occupants were strewn about the cabin instead of being properly stowed in the luggage compartments. The testimony clearly established that Dragn purchased the vessel in question with an eye toward its size and suitability for smuggling. Also, witnesses testified that objects were being thrown overboard as Dragn's boat was approached by the intercepting Dutch navy ship. It was reasonable, given this testimony, for a jury to conclude that cocaine packages were being thrown overboard.

Additionally, the record bears evidence that Dragn's boat turned away from the intercepting ship, which supports an inference that Dragn was attempting to evade capture and flee. *See e.g. United States v. Garate–Vergara,* 942 F.2d 1543, 1548 (11th Cir.1993). Testimony of a United States Coast Guard officer leads to the reasonable conclusion that Dragn's vessel lacked a legitimate purpose for its voyage. Petty Officer Kousch testified that Dragn's stated purpose for his voyage—transit to Bulgaria—was nonsensical given the location where Dragn's vessel was stopped and the type of sailing vessel he was operating. Accordingly, the evidence was clearly sufficient to support his conviction.

As a final challenge, Dragn argues that comments made by the Government in its closing summation were improper and denied him a fair trial. We have considered this argument, and conclude that it lacks sufficient merit to require our addressing it in depth. As to the alleged prosecutorial misconduct, Dragn requested and received a curative instruction from the District Court. Because Dragn did not object to this instruction before the District Court, we review for plain error, and we find that the Government prosecutor's comments fall well short of an "egregious error or a manifest miscarriage of justice." *United States v. Price,* 76 F.3d 526, 530 (3d Cir.1996) (internal quotation marks omitted).

We will affirm Dragn's conviction. We will, however, vacate his sentence and remand this matter for re-sentencing.

are therefore prevented from conducting our review of whether the sentence was, in fact, reasonable.